NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 7, 2014
Decided January 24, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1787

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> v. <br><br> PHILLIP E. MANNEBACH, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:11-cr-00155 <br><br> Sarah Evans Barker, *Judge*. |

**O R D E R**

A jury convicted Phillip Mannebach of conspiracy to distribute methamphetamine, conspiracy to interfere with commerce by extortion, and conspiracy to possess a firearm in furtherance of a crime of violence. At trial, the government introduced evidence that Mannebach distributed methamphetamine from June 2010 until his November 2010 arrest. Further testimony showed that Mannebach kidnapped his stepson, Johnny Jones, and held him against his will in an attempt to recover $4800 that Jones stole from his dresser drawer.

One of the witnesses against Mannebach, Dustin Coffey, testified pursuant to a plea agreement. In Coffey's original plea agreement, he agreed to plead guilty and that the proper offense level for use at sentencing was 24. After reviewing Coffey's Presentence Investigation Report, however, the government determined that the correct offense level was 28. At this point, Coffey and the government filed an addendum to the plea agreement in which Coffey agreed to cooperate with the government and the government promised to recommend a three-level departure from the recalculated offense level of 28. The government introduced the addendum on direct examination of Coffey. On cross-examination, the defense sought to introduce the original plea agreement. The government objected on relevance grounds and the court sustained the objection.

Mannebach claims the district court erred by (1) refusing to admit into evidence Coffey's original plea agreement, (2) failing to inform the jury that a claim-of-right defense could preclude Mannebach's liability for extortion, and (3) sentencing Mannebach based on prior convictions that were neither charged in the indictment nor found by the jury beyond a reasonable doubt. None of these claims merits reversal.

Mannebach's first claim hinges on the hypothetical impact of the original plea agreement on the jury. He suggests that Coffey felt "trapped" by the original plea agreement and thus was more or less coerced into entering the addendum and testifying for the government. But if Coffey was "trapped" by anything, it was the government's realization that they had calculated his total offense level incorrectly. In order to keep his offense level near the original 24, he had to agree to testify so the government would recommend a departure to the sentencing judge. And the entirety of this calculation was represented by the addendum.
We fail to see what impact introducing the original plea agreement would have had, and thus, assuming for the sake of argument that it was error to keep it out, any such error was harmless.

Mannebach's second argument similarly lacks merit. He claims the court should have informed the jury that a claim of right is a valid defense to an extortion charge. But we have specifically foreclosed this argument outside the labor context. *United States v. Castor*, 937 F.2d 293, 299 (7th Cir. 1991).

And as Mannebach himself acknowledges, his final argument is foreclosed by *Almendarez-Torres v. United States*, 534 U.S. 224 (1998).

Accordingly, we decline to grant Mannebach the relief he requests and AFFIRM the district court's decision.